## ECKERT v. CITY OF NEW YORK et al.

(Supreme Court, Appellate Division, Second Department.   March 8, 1901.)

MUNICIPAL CORPORATIONS—INJURIES—DEFECTIVE STREETS—PARTIES LIABLE—
    EVIDENCE.
        The pavement adjacent to the tracks of the defendant street-car com-
    pany was out of repair, having holes and depressions.   There was a
    considerable furrow or hole alongside one of the rails, where the paving
    stones had sunk several inches below the surrounding surface.   Plaintiff
    was driving a wagon along the track, when one wheel sank into the
    depression up to the hub, throwing plaintiff off his wagon, and causing
    serious injuries.   This hole had existed for several weeks or months
    prior to the accident.   *Held* sufficient to support a verdict for damages
    for personal injuries against the city and two street-railway companies,
    all of whom were bound to keep the pavement in repair.

Appeal from trial term, Kings county.

Action by George Eckert against the city of New York and others.
From a judgment in favor of plaintiff, and from an order denying a
motion for a new trial, defendants appeal.   Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCH-
BERG, and SEWELL, JJ.

William J. Carr, for appellant City of New York.

John L. Wells, for appellants Brooklyn City R. Co. and Brooklyn
Heights R. Co.

James C. Cropsey, for respondent.

GOODRICH, P. J.   The defendant the Brooklyn Heights Railroad
Company operated a single-track railroad on Oakland street in Brook-
lyn, and by contract with the city, and under the railroad law, it and
its lessor, the Brooklyn City Railroad Company, were bound to keep
in thorough repair that part of the street pavement which lay between
the tracks.   The old city of Brooklyn was bound, also, to keep the
pavement in reasonable repair.   Doyle v. City of New York (Sup.) 69
N. Y. Supp. 120.   The plaintiff was driving a wagon in daylight along
the street, when suddenly the left fore wheel of his wagon sank into
a hole or depression between the rails, throwing him out of his wagon
and causing him serious injuries.   He recovered a verdict of $8,750
against the three defendants, all of whom appeal on the ground that
there was no proof of negligence on their part, and that the verdict
was excessive.

The negligence charged was that the portion of the street where the
accident occurred was left in a dangerous condition and in a bad state
of repair, having holes and a considerable depression.   There was
evidence tending to show that the depression had existed for several
weeks or months, and that there was a considerable furrow or hole
alongside the left rail, the cobblestones of the pavement having sunk
several inches below the surrounding surface.   There was evidence,
also, that when the plaintiff's wheel went into the depression it sank
in a hole up to the hub, but there was not evidence to show con-
clusively whether this hole was the cause of the accident, or whether
it was the result of the accident; that is, a sudden caving in of the
street under the impact of the wheel.   Nor is it material, under the

charge of the court, as there was evidence sufficient to support a finding that the pavement was in bad repair and condition through the negligence of the three defendants, and that the hole or depression, as it originally existed, was the cause of the accident. We see no occasion to disturb the judgment.

The jury found a verdict for $8,750, which was reduced by the court to $5,000. Inasmuch as the court wisely exercised its discretion in this respect, we are not disposed to overrule its decision by making a further reduction. The judgment should be affirmed.

Judgment and order affirmed, with costs.